Brown *v.* Wright.

---

## PETER P. BROWN v. ISRAEL WRIGHT.

On a trial between the debtor and opposing creditor, under the insolvent laws of this state, the preliminary proceedings are sufficient to warrant a verdict and judg- ment in favor of the debtor, unless opposed by adverse evidence. If from a view of the whole law, or from other laws *in pari materia,* the evident intention is different from the literal import of the terms employed to express it in a particu- lar part of the law, that intention should prevail, for that in fact is the will of the legislature.

---

Israel Wright presented to the judges of the Court of Com- mon Pleas of the county of Bergen, a petition for the benefit of

the several and respective acts of the legislature of this state, made for the relief of persons imprisoned for debt or damages. He exhibited an account of his real and personal property, together with a list of his creditors and at a special term of the court, subsequently held, was examined under oath, in open court, touching the truth and fairness of the account, and inventory exhibited. Peter P. Brown, one of the creditors, declaring himself not satisfied, the court remanded the petitioner to prison.

The pleadings prescribed by the statute were duly filed by the petitioner, and the creditor, and the issue tried by a jury, and judgment rendered, "that the said Israel Wright be discharged out of custody, according to the force, form and effect of the act, for the relief of persons imprisoned for debt."

These proceedings were removed into this court by certiorari, and it appeared by a return to a rule taken by the plaintiff in certiorari, and directed to the judges of the Court of Common Pleas, "that the said insolvent, Israel Wright, did not offer, or give in evidence to the jury any further, or other proof to maintain the truth and legality of his case than the proceedings, had on the part of said insolvent, Israel Wright, under the insolvent laws of this state, and that these proceedings were the only evidence offered to support the issue joined.

*Darrah* and *Hornblower* for the plaintiff in certiorari.

*Perry* for the defendant.

The opinion of the court was delivered by Justice Drake.

DRAKE, J. The proceedings in this cause arose out of the application of Israel Wright for the benefit of the insolvent laws of this state. Upon the day appointed by the court for the hearing of his application, he made proof of the service of notices upon his creditors, and complied with all the requisites to his discharge, to the satisfaction of the court. Whereupon Peter P. Brown, one of his creditors, not being satisfied, entered into the undertaking, directed by the act for that purpose, and the said Wright was remanded to prison. An issue being formed, it came on to be tried before the Common Pleas of Bergen county, at the term of June, A. D. 1831; when the debtor gave in evidence the previous proceedings had in his case; and there

16

being no opposing evidence, the jury rendered their verdict in his favor; upon which the court, by their judgment, discharged him from confinement as an insolvent debtor.

The single exception to the validity of this discharge is founded on the 7th section of the act for the relief of persons imprisoned for debt, which directs "that the debtor do, on the trial of the issue before the court and jury, *further than by the proceedings aforesaid*, prove in evidence and maintain the truth and legality of his case according to the issue on his part joined." But in the case before us, no other or further evidence was offered, and therefore it is said the directions of the act have not been complied with.

If this were the only clause in this act, bearing on the question before us, there would appear to have been a deficiency of proof in this case. But in the construction of a statute, it is proper to take the whole act, and even the whole statute and common law, connected with the subject into consideration, and if from a view of the whole law, or from other laws *in pari materia*, the evident intention is different from the literal import of the terms employed to express it in a particular part of the law, that intention should prevail, for that in fact is the will of the legislature. *United States* v. *Fisher*, 2 *Cranch* 386, 399.

The clause immediately preceding the one cited, is " that the trial on the said issue shall be had only between the debtor named in the declaration, and the creditor or creditors named in the plea, and not between the debtor and other creditors; that all proceedings had under this act, on the part of the debtor, may, on the trial of the issue, if joined as aforesaid, be before the court and jury deemed *competent*, but not conclusive evidence on his part." Now these preliminary proceedings and proofs are co-extensive with the debtor's whole case. They were sufficient, (but for the undertaking of this single creditor) to have procured for him a judgment of discharge from the court, on the day of hearing. They are final as to all other creditors. And even after the remanding of the debtor to prison in consequence of the opposition made, he might, without any further proof, have been discharged for the want of a plea; and after plea filed, for the neglect of the creditor to pay his weekly allowance. All this plainly shews the *intent* of the legislature;

Brown *v.* Wright.

that these preliminary proceedings should be considered satisfactory, and entitle the debtor to his discharge, unless some part of his case should be invalidated by evidence against him. And the act says, that on the trial, these proceedings shall be deemed *competent* evidence. But why competent—why suffered to be introduced at all, if they are not to have the effect of *prima facie* evidence? They are not *defective* or *mere parts* of the requisite proof on the various points, but they are perfect in themselves, and of the same nature as must be produced on the trial with the single exception hereinafter noticed, and that necessarily arises from the nature of the case. It appears to me that it was intended, not merely to suffer them to be introduced at the trial but that they should have effect, and that when un-opposed by any adverse evidence, they are sufficient to warrant a verdict and judgment in favor of the debtor.

This construction is so plainly called for by the whole act, that I should feel strongly inclined to it, even if it left the clause upon which the objection in this case is founded, entirely inoperative. But that is not necessary. A part of the debtor's case—that which relates to the truth and fairness of his inventory—is, in the first place, merely proved by his own oath. It is this part which the act evidently contemplates will furnish the principal grounds of controversy at the trial; although the whole case is thrown open to investigation, as was lately decided by this court, in the case of *Smich* v. *Opdycke,* 7 *Halst.* 348. By the act, the debtor's own oath is made prima facie evidence, as to what property he possesses, or is entitled to; and very properly, because he best knows, that he should not, in the first instance, be called upon to prove a negative—or that he has *not* other property besides that stated in his inventory. Yet, if proof be made that he has other property, or has made an unfair disposition of it, in such case, the legislature might well make the intimation, which they have in this clause, that he should support his case by further proof before the jury.

I am of opinion that the judgment of the Common Pleas should be affirmed.

Judgment affirmed.